```
ASTARTE DAVIS-RICE,              )
                                 )
              Plaintiff,         )
                                 )
     v.                          )
                                 )    No. C 03-00464 DLJ
HARLEY G. LAPPIN, DIRECTOR,      )
FEDERAL BUREAU OF PRISONS,       )
ET AL.,                          )
                                 )    ORDER
              Defendant.         )
_____)
```

On April 9, 2007, plaintiff Astarte Davis-Rice (Davis-Rice) filed a "Motion for Declaratory Judgment" in the above-captioned case. In her motion, Davis-Rice asserts that the Federal Bureau of Prisons has projected her release date 30 days later than she should be held. Davis-Rice bases this assertion on an Order of this court which was filed September 5, 2006. Davis-Rice claims that this Order requires that her prison sentence be reduced by 285 days and that the Bureau of Prisons (BOP) has instead reduced her sentence by only 255 days. In her present motion, Davis-Rice seeks $969 million in damages in compensation for the allegedly wrongful imprisonment she will suffer in the last 30 days she will spend in the custody of the Bureau of Prisons. Her current projected release date is May, 14, 2008.

On January 13, 1992, Davis-Rice was sentenced to a term of 15 years in the custody of the BOP. On May 27, 2003, she was sentenced to an additional 2 years of BOP custody for her escape from federal prison in 1998. As a result of her escape, Davis-Rice remained out of BOP custody until her arrest in 2002. Thereafter Davis-Rice filed this suit pursuant to 28 U.S.C. § 2241 claiming

1  that she was not receiving sufficient credit on her 15-year
2  sentence. Following a hearing this Court granted her 1200 days of
3  sentence relief. Davis-Rice appealed the order. With the
4  assistance of the Ninth Circuit Mediator the parties reached an
5  agreement that Davis-Rice should receive an additional eight and a
6  half months credit on her sentence. Based on the agreement reached
7  by the parties, the Court issued an Order on September 5, 2006,
8  which reads, in relevant part, as follows: "the sentence will be
9  reduced by eight months and 15 days (which is a total of 285
10 days)." This statement has a readily apparent clerical error, in
11 that eight months and 15 days is actually 255 days.
12     When it modified the sentence pursuant to the September 5,
13 2006, Order, BOP noted the error and brought it to the attention of
14 the parties. The parties agreed that this was a typographical
15 error and notified the Court of their agreement in a letter of
16 clarification on September 14, 2006. BOP then awarded the sentence
17 credit in accordance with that agreement.
18     On January 29, 2007, Davis-Rice filed an administrative tort
19 claim with the BOP claiming that she should receive an additional
20 30 days sentence credit and compensation in the amount of
21 $969,000,000. BOP denied the claim on April 6, 2007.
22     On August 23, 2007 Davis-Rice sent the Court a request for an
23 order to show cause.
24     Based upon this history it is apparent that the September 5,
25 2006, Order of this Court granted Davis-Rice an additional sentence
26 credit of eight and a half months pursuant to the agreement reached
27 by the parties after mediation. That credit totals 255 days; it
28 does not total 285 days. The number 285 was a typographical error

which has already been acknowledged as such by the parties and BOP. BOP has already awarded a sentence credit of 255 days.  In order to memorialize the record in this case, the Court now AMENDS its Order of September 5, 2006 to read <u>255</u> days instead of 285 days.

Accordingly, Davis-Rice does not have a cognizable claim based on the Bureau of Prison's reduction of her sentence by only 255 days.  A reduction of her sentence by only 255 days was and is the order of the Court.  Her present motion is therefore DISMISSED with prejudice.

IT IS SO ORDERED

Dated:    December 14, 2007

_____
D. Lowell Jensen
United States District Judge